IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **THOMAS MICHAEL ROBERTSON,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 7:09-CV-0188-O-BH |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case was referred for findings, conclusions and recommendation.

**I. BACKGROUND**

Plaintiff filed this action under 42 U.S.C. § 405(g) to seek judicial review of the decision of the Commissioner of the Social Security Administration to deny his claim for disability benefits on December 7, 2009. Plaintiff also filed a motion for leave to proceed *in forma pauperis.* On December 9, 2009, the Court mailed him an order for additional financial information and a financial information questionnaire seeking additional information. The order expressly stated that the answers to the questionnaire were due within thirty days and expressly warned that the failure file answers could result in the dismissal of this action for failure to prosecute. As of this date, Plaintiff has still not filed his answers to the questionnaire.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court

calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has failed to comply with an order that he file answers to a financial information questionnaire from the Court. This lack of action shows that he does not intend to proceed with this case, so the Court should dismiss it.

### III.  RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SIGNED this 13th day of January, 2010.

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE